## MERIWETHER, Appellant, v. LOVE.

### Division One, March 12, 1902.

1. **Suit to Quiet Title: ACT OF 1897: REPEALS SECTION 2092.** The Act of 1897 concerning suits to quiet titles, by declaring that it is enacted for the purpose of "taking the place of statutes which failed in their object," expressly repealed section 2092, Revised Statutes 1889 (sec. 647, R. S. 1899), since there is no other section to which it can refer.

2. ————: ————: **MUST SUPPORT TITLE.** In a suit to quiet title under the Act of 1897 (sec. 650, R. S. 1899), the plaintiff must show something more than actual possession. He must also offer evidence in support of his averment of title. He is not entitled to a decree, *pro forma*, directing defendant to establish his title to the land by another and different suit. Under this statute the whole issue of title may be settled, whether the defendant claim adversely to plaintiff or not.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes, Judge.*

AFFIRMED.

*C. E. & D. D. Denham* for appellant.

(1) The Act of 1897 (sec. 650, R. S. 1899), did not repeal or alter the previously existing statute relating to suits to quiet title. Negrotto v. The City of Monett, 49 Mo. App. 286; State v. Daly, 49 Mo. App. 184; State ex rel v. Draper, · 47 Mo. 33. (2) The Act of 1897 simply enlarged the jurisdiction of the circuit court so as to give certain additional rights which did not exist prior to its passage. Northcutt v.

Eager, 132 Mo. 265; Huff v. Land & Imp. Co., 157 Mo. 65. (3) Plaintiff's possession and defendant's claim of title having been admitted, there was nothing for the circuit court to do but render judgment as required by statute. Murphy v. DeFrance, 23 Mo. App. 337; Colline R. E. & B. Assn. v. Johnson, 120 Mo. 299.

*Simrall & Trimble* and *Sandusky & Sandusky* for respondent.

(1). The record in this case fails to show any bill of exceptions filed as required by law. Fulkerson v. Houts, 55 Mo. 301; Bates v. Realty Company, 88 Mo. App. 550; Haydon v. Grocery Company, 88 Mo. App. 241; Burdick v. Life Association, 86 Mo. App. 94; Butler County v. Graddy, 152 Mo. 441. (2) This cause having been dismissed by agreement of parties, no appeal lies from the judgment of dismissal. (3) The Act of 1897 (Laws 1897, p. 74, now sec. 650, R. S. 1899), enlarges the jurisdiction, and changes the former practice in suits to quiet title. Huff v. Land & Imp. Co., 157 Mo. 65; secs. 650, 651, R. S. 1899.

MARSHALL, J.—Suit to quiet title to certain lands in Clay county.

The petition alleges that the plaintiff is in possession of said lands; that he is the owner of the fee simple; that he is credibly informed and believes that the defendant makes some claim to the land adverse to the estate of the plaintiff, and prays that the defendant be summoned to show cause why he should not bring an action to try his alleged title. The answer is a general denial, coupled with a special denial of plaintiff's possession and title, and an allegation that the defendant owns the land in fee. The case was submitted to the court upon the following stipulation:

"It is hereby stipulated by and between the plaintiff and the defendant in the above entitled cause that the same may be

tried by the court upon the following agreed statement of facts, to-wit:

"First.   It is hereby stipulated and agreed that the plaintiff was, at the time of bringing this action, and is now, in possession of the premises described in the petition.

"Second.   It is hereby stipulated and agreed that the case may be tried and adjudged by the court upon the pleadings and the above evidence, and that if, under the pleadings and the above stipulation, the court is of the opinion the plaintiff is entitled to the decree, as prayed in the petition, then a decree shall be rendered in favor of the plaintiff, that defendant bring his suit to try his title as required by law, but if the court is of the opinion that under the pleadings and the above stipulation, plaintiff is not entitled to such decree, then judgment shall be for defendant and the plaintiff's petition shall.be dismissed, reserving to either party the right of appeal, as provided by statute, in case the judgment should be adverse."

And thereupon, there being no other evidence, the court on this stipulation took said matter under advisement, and afterwards, to-wit, on October 24, 1899, rendered judgment for the defendant, which as far as material to state, is as follows, to-wit:   "The court doth find and determine that the law of 1897 does not repeal section 2092 of the Revised Statutes of 1889, but enlarges the jurisdiction of the circuit courts in such cases, and that, under the law of 1897, the entire question concerning the title to said real estate could be settled and litigated in this case, and there being no necessity or reason shown to the court why defendant should be directed to establish his title to the land in question by another and different suit, this case is dismissed by the court, in accordance with the terms of the stipulation that 'that entry be made if plaintiff is not entitled to the decree prayed for.'"

From this judgment the plaintiff appeals.

## I.

The sole question involved is whether section 2092, Revised Statutes 1889 (sec. 647, R. S. 1899), is repealed by the Act of March 15, 1897 (Laws 1897, p. 74, being sec. 650, R. S. 1899). If it is so repealed, the judgment of the lower court is right and must be affirmed, because the plaintiff offered no evidence to support his averment of title. If it is not repealed, the judgment of the circuit court must be reversed and the cause remanded to that court to enter a decree requiring the defendant to institute and prosecute an action to try his claim of title or be forever barred therein, because the defendant admits that he claims a fee simple title, as does also the plaintiff, and that the plaintiff is in possession.

Webb v. Donaldson, 60 Mo. 394, and Northcutt v. Eager, 132 Mo. 265, are cited as bearing upon the question here involved. But this is a misapprehension. Those cases simply decide that a life tenant in possession can not maintain an action to quiet title, under section 2092, Revised Statutes 1889, against a remainderman who admits the title and right to possession of the life tenant and claims no title or right of possession in himself until the termination of the life estate.

It should be noted that section 2092 only authorizes a suit to quiet title to be maintained by a person in possession against one not in possession when the person not in possession is making a claim *"adverse to the estate of the petitioner."* Because of this provision, it was decided in the Webb and Northcutt cases, that no such action would lie against one who admitted the plaintiff's title and claimed only after the plaintiff's estate had terminated.

In Huff v. Land Co., 157 Mo. l. c. 69, it was pointed out that the Act of 1897 was apparently enacted in consequence of what was said in the Northcutt case about section 2092 not being broad enough to authorize the life tenant to make the

remainderman, who claimed under and not adverse to the life tenant, bring a suit to try his title.

Under the statute as it existed prior to the Act of 1897, only a person in possession could maintain such an action, and then only against an adverse claimant who was out of possession. [Dyer v. Baumeister, 87 Mo. 137; Colline R. E. & B. Association v. Johnson, 120 Mo. l. c. 302; Daudt v. Keen, 124 Mo. 105.]

The Act of 1897 is a much more comprehensive law than section 2092, Revised Statutes 1889. It provides as follows:

"Section 1. Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an. action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

"Sec. 2. The institution, prosecution, trial and determination of suits under this act shall conform in all respects to the provisions of the 'code of civil procedure' now existing and be in force in this State concerning actions affecting real estate and judgments rendered in such suits shall have the force and effect as therein provided.

"Sec. 3. If the defendant or defendants in suits brought under the provisions of this act shall make default, or appearing, shall by answer admit the fact as stated in the petition and consent to judgment as prayed for, the plaintiff shall be adjudged to pay all costs of the suit.

"Sec. 4. All acts and parts of acts inconsistent herewith are hereby repealed.

"Sec. 5. This act being remedial in its character *and taking the place of statutes which failed in their object,* cre-

ates an emergency within the meaning of the Constitution; therefore, this act shall take effect and be in force from and after its passage."

Thus the following radical differences between the provisions of section 2092 and the Act of 1897, at once present themselves:

1st.	Section 2092 authorizes an action only in favor of one who is in possession claiming complete title, against one who is out of possession and who is claiming *adverse* to the estate of the one in possession. Whereas, the Act of 1897 authorizes an action by any one who claims any kind of an estate or interest, whether the whole or only a limited estate, and whether it be adverse or subordinate to the estate of the other, and whether the one or the other party be in possession, or at present entitled to possession, or not.

2nd.	Section 2092 does not contemplate a trial of the respective claims, but only that such a trial and a determination thereof shall be adjudged to be had in some other appropriate action between the parties, and only authorizes a judgment quieting the title of the person in possession in the event the claimant fails to prosecute such other action or prosecuting fails to sustain his claim. Whereas, the Act of 1897 dispenses with all circuity of procedure and acts directly upon the controversy, and adjudges "the title, estate and interest of the parties severally in and to such real estate," and thus determines the interest of each, and by such determination quiets the title of each. Other less important differences exist between the two laws.

The crucial question is, therefore, what is the effect of the adoption of the new system upon the life of the old? The Act of 1897 does not expressly repeal section 2092. Section 4 of the Act of 1897 repeals all acts and parts of acts inconsistent with that act. The lawmakers unquestionably believed that section 2092 was inconsistent with the Act of 1897, and intended to repeal section 2092, and to provide a more com-

plete and efficient and direct statutory method of determining and quieting land titles, for they declared by section 5 of the Act of 1897: "This act being remedial in its character *and taking the place of statutes which failed in their object,* creates an emergency within the meaning of the Constitution; therefore, this act shall take effect and be in force from and after its passage."

The intention to repeal the old law and to substitute a new and sufficient system in place of the old law is therefore perfectly plain.   It is argued, however, that there is no necessary repugnancy between the old and the new systems, that both can stand together, and therefore there is no repeal by implication; or, otherwise stated, that the courts can not imply an intention of the lawmakers to repeal the old and leave only the new system.   The answer to this is afforded by the Act of 1897 itself, for the lawmakers have left nothing to implication or to be inferred, as to their intention—they distinctly declare that the Act of 1897 was enacted for the purpose of "taking the place of statutes which failed in their object." The only statute previously in existence relating to quieting titles was section 2092.   The lawmakers must therefore have referred to that section as having failed in its object.   There is, therefore, no necessity to resort to an inquiry as to whether the Act of 1897 repealed section 2092 by implication.   For the Act of 1897 expresses an intention to substitute its provisions for those of section 2092.

Speaking of such legislation, Endlich on the Interpretation of Statutes, section 198, says: "When the later of two general enactments is couched in negative terms, it is difficult to avoid the inference that the earlier one is impliedly repealed by it."   And in section 199, the author says: "But even when the later statute is affirmative, it is often found to involve that negative which makes it fatal to the earlier enactment."   This is what the author calls an "implied negative." Further, in section 200, the same author says:   "The 'implied

negative' referred to in the preceding section is to be found, indeed, wherever the later statute clearly intends to prescribe the only rule which is to be accepted as governing the case provided for." And in section 201, he adds: "But possibly the strongest implication of a negative . . . is found where subsequent statutes revising the whole matter of former ones, and *evidently intended as substitutes for them,* introduce a new rule upon the subject. In such cases, the later act, *although it contains no words to that effect,* must, in the principles of law, as well as in reason and common sense, operate to repeal the former—the negative being implied from the 'reasonable inference that the Legislature can not be supposed to have intended that there should be two distinct enactments embracing the same subject-matter in force at the same time.'" Again, in section 202, the same author says: "The rule seems, indeed, to go further, and to work an implied repeal in all cases in which a general revision of the old law is made by the Legislature, with an intent to substitute the new legislation for the old."

In State v. Roller, 77 Mo. 120, it was held that "a statute revising the whole subject-matter of a former statute and evidently intended as a substitute for it, although it contains no express words to that effect, repeals the former." So also in State to use v. Hickman, 84 Mo. l. c. 79, it was said: "The general rule certainly is that an act purporting to revise and amend another act and embracing its subject-matter, whether old provisions are retained, excluded or modified, and whether or not new provisions are incorporated, does by necessary implication, if not in express terms, effect the repeal of the old law, unless a different purpose is manifested."

Thus these rules of construction adopted by the courts, supplement, if indeed anything more was necessary, the expressed intention of the lawmakers to substitute the new law of 1897 for the old law of section 2092, which had failed in its object, and as "two pegs can not fill the same hole at the

same time," so the old and new systems relating to the same subject, can not stand in the body of the law at the same time, and as the old was found inadequate and the new covers all the old embraced and also supplies the deficiencies in the old, the result, logically and therefore legally, is that the Act of 1897 repealed section 2092, Revised Statutes 1889. The judgment of the circuit court was for the right party and it is affirmed. All concur.