STATE ex rel. JOHNSTON, Respondent, v. DONWORTH, Appellant.

St. Louis Court of Appeals, October 22, 1907.

OFFICERS: Cities of the Fourth Class: Qualification of Aldermen. Section 5911, Revised Statutes 1899, prescribes the qualifications of aldermen of cities of the fourth class, prescribing among other things that no person shall be an alderman unless he is a resident of the ward from which he is elected. Under that section he not only must be a resident of the ward when elected, but must remain such during his term of office. If he moves out of his ward, he may be ousted from such office. This construction is not affected by the general provisions of section 5916, providing the general qualifications for holding office in cities of the fourth class.

Appeal from Franklin Circuit Court.—*Hon. R. Steel Ryors,* Judge.

AFFIRMED.

*Pearce & Davis* for appellant.

(1) Relator bases his claim for ouster on section 5911, Revised Statutes 1899, relating to qualifications of aldermen in cities of the fourth class, which provides, "no person shall be an alderman unless he be a resident of the ward from which he is elected." This section has no been construed by Missouri courts with reference to the question here in issue. In so far as

it is derogatory to common law, it will be strictly construed. Gibbons v. Barker, 40 Mo. 253; State v. Clinton, 67 Mo. 380; Thompson v. Elevator Co., 77 Mo. 520; Jackson v. Railroad, 87 Mo. 422; Sarazen v. Railroad, 153 Mo. 479; Judson v. Smith, 104 Mo. 61; Cox v. Tipton, 18 Mo. App. 450; Zartman v. Reid, 99 Mo. App. 415. And such statute must receive such construction as not to allow it to infringe on the rules or principles of the common law, to any greater extent than is plainly expressed. (2) The proper construction of section 5911 is strongly aided by reference to sections 5910 and 5916; these statutes are *in pari materia* and should be construed together, to determine the legislative intent as to any part of them. Grimes v. Reynolds, 94 Mo. App. 576; Curtwright v. Crow, 44 Mo. App. 563; Easton v. Courtwright, 84 Mo. 27. (3) The contention that appellant was not required to continue a resident of the ward from which he is elected is upheld by numerous decisions of courts of other states construing statutes of similar provision to that of section 5911. Smith v. State, 24 Ind. 101; State ex rel. v. Board of Supervisors, 21 Wis. 443; State v. Craig, 132 Ind. 54; State v. Moore (D. C. Ia.), 41, Central Law Journal 112.

*R. H. Johnston* and *J. G. Hawken* for respondent.

(1) Aldermen in fourth class cities must be residents of their respective wards. R. S. 1899, sec. 5911; compare sec. 5910; State ex rel. v. Orr, 61 Ohio St. 384; R. S. 1899, secs. 5899, 5916. (2) Such ward representation is in accord with the American theory of local self-government, as distinguished from the English theory of representation by mere agents. 1 Dillon, Mun. Corp. (4 Ed.), sec. 195 and note; State ex rel. v. Rainey, 77 Mo. 681; Commonwealth v. Yeakel, 13 Co. Ct. (Pa.) 615; State v. Smith, 14 Wis. 497; State v. Sutton, 70 Ia. 268; Ross v. Barber, 86 Mich. 380.

GOODE, J.—Defendant appealed from a judgment ousting him from the office of alderman in the third ward of the city of Kirkwood, a city of the fourth class. Defendant was elected to that office April 3, 1906, and at the time of his election was a resident of the ward, but on April 26, 1907, he changed his residence into the second ward of the city and has since dwelt there. The information charges that since his change of residence, defendant has usurped the office of alderman of the third ward.

The appeal depends on the construction to be given to section 5911 of the Revised Statutes of 1899, which prescribes the qualifications of aldermen of cities of the fourth class, saying no person shall be an alderman unless he is twenty-one years of age, a citizen of the United States, an inhabitant of the city for one year next preceding the election and a resident of the ward from which he is elected. The contention of defendant's counsel is that said section prescribes the qualifications which render a person eligible to be elected to the office of alderman, but not qualifications essential to his continuing to hold the office after he is elected. The qualifications of the latter sort are said to be prescribed in section 5916 of the statutes, which says all officers elected or appointed to offices under the city government shall be qualified voters, and that no person shall be elected or appointed to any office who shall at the time be in arrears for unpaid city taxes, or forfeiture or defalcation in office, or who is not a resident of the city. It is apparent on the face of section 5916 that defendant's contention regarding its interpretation is incorrect. It is true the catchwords of the section are "Requisite Qualifications for Holding Office;" but the body of the section prescribes what qualifications a person shall have in order to be eligible for election or appointment to any office in a city of the fourth class, as well as to hold it afterwards. Sec-

tion 5911 also prescribes the qualifications of aldermen in such cities and requires them to be twenty-one years of age, citizens of the United States, inhabitants of the city for one year preceding the election and residents of the ward from which they are elected. No doubt if a person was elected alderman without those qualifications, he might be ousted from office; and thus far the contention of the defendant's counsel, that the section prescribes who shall be eligible for election, is sound. But the section goes further, and, in our opinion, requires a continuance of those qualifications to entitle one elected alderman to remain in office. If an incumbent should cease to be a citizen of the United States, or a resident of the city, it is conceded he would lose his right to hold the office. The requirement that he shall be a resident of the ward from which he is elected is no less imperative, and we think change of residence to another ward disqualifies him to represent the ward by which he was chosen and forfeits his right to the office. It is argued for defendant that the phrase "no person shall be an alderman," means no one shall become an alderman unless he has the prescribed qualifications; the word "be" having in this connection the sense of "become." But this is to unduly narrow its meaning. It not only forbids a person to become an alderman unless he is eligible under the section, but also forbids him to be one. That is, to remain one if he becomes disqualified. Defendant's counsel say the statute is ambiguous. Conceding for argument's sake that it is, it ought to be interpreted in the light of the legislative policy, if that can be ascertained; that is to say, we ought to attempt to realize the purpose of the legislature. We conceive that this purpose and policy is to establish ward representation in the Boards of Aldermen of cities of the fourth class; each ward of such city to be represented by two residents familiar with the needs of the ward and whose interests are identical

with the interests of the ward community. Section 5910 of the statutes provides that cities of the fourth class shall be divided into no less than two wards and two aldermen shall be elected from each by the qualified voters thereof. It thus appears that the aldermen are selected by the voters of the respective wards. It is true that the aldermen act for the welfare of the city generally and pass ordinances which relate to the entire city; but it is also true that they represent in an especial manner their particular wards. It is well known that in the disbursement of city funds for lighting, fire protection, water, street improvements and many other matters, rivalries and disputes often arise between the sections of a city, and it is important that a particular section be represented in the municipal assembly by its own residents. It is for this reason, we think, that the Legislature provided for representation by residents of the wards and election by their qualified voters. That this is so was recognized by the Supreme Court in State ex rel. Brown v. McMillan, 108 Mo. 153, 18 S. W. 784. In that case the city of Westport, which is of the fourth class, had extended its limits so as to take in two new wards, and members had been elected to represent those wards at a special election. It was sought to oust these members by a quo warranto proceeding on the ground that there was no vacancy in the representation from those wards to be filled until the next general election, and in discussing this question the Supreme Court said, among other things:

"Nor are we impressed with the reasons that relator seems to think actuated the Legislature in refusing representation to the new wards till a general election. Taxation without representation has ever been resisted in the United States. When we consider that according to the allegations of the relator's petition a new territory as large as the old city had been added to the city and that the city council might project pub-

lic works that would entail burdensome taxation on this new territory, if they had no voice in the city government, we can see no sound reason why the property owners in those new wards should be denied representation in the council. Certainly in the absence of a very clearly expressed intention to the contrary, we will not give such a construction to the charter. We think on this point the law is with respondents." [108 Mo. loc. cit. 160.]

Several incongruities arise if we accept the reasoning of defendant's counsel. If a person elected alderman is a resident of the ward on the day of the election, but immediately moves into another ward, he could serve his two years' term. And if all the aldermen of a city should happen to move into one ward during their respective terms of office, they would still constitute the board of aldermen. Such contingencies are opposed to the policy of the statute, which policy is to require aldermen to be residents of the ward, not only when elected but during their terms of office. As supporting this view we refer to the decisions in State ex rel. v. Orr, 61 Ohio St. 384, and Commonwealth v. Yeakel, 13 Co. Ct. (Pa.) 615.

A careful brief has been presented by defendant's counsel and many authorities arrayed in support of their proposition; but we think these cases are not in point because the question before us turns on the particular language of our statute and such a statute was not before the courts in the cases cited. In one case the question was whether the office in controversy was local within the meaning of a statute providing that "local offices" should become vacant on the removal of their incumbents from the districts for which they were elected. [State ex rel. Atty.-Gen. v. Board of Supervisors, 21 Wis. 443.] In Smith v. State, 24 Ind. 101, the statute construed said no more than that one county commissioner should be elected from the residents of

each of the three districts into which counties were to be divided. But our statute (section 5911) prescribes what persons may be aldermen in cities of the fourth class, as well as who may be elected aldermen.

The judgment is affirmed. All concur.