CITY OF ST. JOSEPH, Respondent, v. SPERRY & HUTCHISON, Appellant.

**Kansas City Court of Appeals, May 24, 1915.**

**LICENSE: Revision of Ordinance: Substitution: Omitted Parts.** Where an ordinance embracing and providing for taxation and licensing a great number of occupations and callings, is completely revised by a new ordinance, it is a substitution of the new for the old and annuls the latter. Any matters included in the former and omitted in the latter are considered to be discarded.

Appeal from Buchanan Criminal Court.—*Hon. Thomas F. Ryan,* Judge.

REVERSED.

*Sharp & Sharp* for appellant.

(1) The defendant is a merchant and should pay the tax required of merchants under the heading, "retail merchants whose gross sales are under $25,000," sec. 11617, R. S. 1909. State v. Martin, 5 Mo. 361; Kansas City v. Grush, 151 Mo. 131; Lansdale v. Brashear, 3 T. B. Mon. (Ky.) 330; Wakeman v. Hoyt, 28 Fed. Cases, No. 17051; In re Eeles, 8 Fed. Cases, No. 4302; Campbell v. Finck, 2 Duv. (Ky.) 108; Kansas City v. Vindquest, 36 Mo. App. 584; State v. Richeson, 45 Mo. 575; Kansas City v. Lorber, 64 Mo. App. 604. (2) City of St. Joseph had no power to tax trading stamp companies. Kansas City v. Lorber, 64 Mo. App. 607; Kansas City v. Grush, 151 Mo. 131. (3) Chapter 27, Rev. Ordinance of 1905, repealed by General Ordinance No. 1454. 36 Cyc. 1079; Wagner v. State, 90 Ind. 504; State v. Roller, 77 Mo. 120; Smith v. State, 14 Mo. 152; Zickler v. Union Bank & Trust Co., 57 S. W. 341; Roche v. Mayor, 40 N. J. 257.

189MA31

*Frank B. Fulkerson, L. E. Thompson* and *Herman Hess* for respondent.

(1)  Defendant company, even if it is a merchant, is subject to special classification and may be charged at a higher rate than the ordinary retail merchant, such as grocer or dry goods merchant. St. Louis v. Bowler, 94 Mo. 630; Etting v. Hickman, 172 Mo. 257. (2)  Power to legislate against trading stamp concerns and fix the amount of license they should pay under recent decisions is practically unlimited.  The time when these concerns could masquerade under the cloak of legitimate business is about past.  Sperry & Hutchison Co. v. City of Tacoma et al., 68 Wash. 254, 122 Pac. 1060; Fleetwood v. Read, 21 Wash. 547, 47 L. R. A. 205, 58 Pac. 665; District of Columbia v. Kraft, 30 L. R. A. (N. S.)  957; State of Washington v. Pitney, 140 Pac. 918.  (3)  The law does not favor repeal by implication and must be narrowly and strictly construed, and will be permitted only when the conflict is so inconsistent and repugnant to each other that both laws cannot stand together.  St. Louis v. Klausmier, 213 Mo. 130; State ex rel. v. Hopkins, 87 Mo. 519; Manker v. Falhaber, 94 Mo. 430; McQuillin Munc. Corp., sec. 831.

ELLISON, P. J.—Defendant's business in the city of St. Joseph was that of a "Trading Bank Check or Premium Stamp Concern."  By section 624 of chapter 27, of the revised ordinances of 1905 of that city, such concerns were required to take out a city license. Defendant failed to do so for the year 1913, claiming that its ordinary "Merchants License" was all that could be required.  The license as a trading stamp concern was fixed at $100, while its merchants license was a small amount.  The city assistant counsellor filed a complaint against defendant charging a violation of such ordinance and asked that a fine of $200 claimed

to be the penalty for such violation be assessed.  There was a conviction in the city court and, on appeal, in the criminal court of Buchanan county.

We are however of the opinion that the ordinance of 1905, aforesaid, requiring a license to be taken out by defendant, has been repealed.  That ordinance was a lengthy one, embracing "a complete list of all the objects, subjects, persons, trades, vocations and occupations to be taxed," and it included, by name, "Trading Bank Check or Premium Stamp Concerns."  But in 1912, the entire subject was revised in an ordinance known as "General Ordinance No. 1454."  It is entitled, "An Ordinance Providing for the Licensing, Taxing and Regulation of Certain Occupations and Trades, Providing for a Penalty for the Violation Thereof and Repealing all Ordinances Inconsistent therewith, and for the Distribution of the Moneys Collected Hereby."

Section 1, thereof reads:  "Every person, firm or corporation herein described, and every person, firm or corporation engaged in any occupation, calling or trade hereinafter specified, shall procure a license from the city of St. Joseph."  Then follows a complete list of all the objects, subjects, persons, trades, vocations and occupations to be taxed as follows:  (Here near 200 occupations, callings or trades are named, but defendant's is not one of them.)

In Smith v. State, 14 Mo. 147, 152, it is said that "a subsequent statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law, as well as in reason and common sense, operate to repeal the former."  This statement of the law was reaffirmed in State v. Roller, 77 Mo. 120, and again stated in Meriwether v. Love, 167 Mo. 514, 521, and has been repeatedly announced in other jurisdictions.  [Wagner v. State, 90

Ind. 504; Roche v. Mayor, 40 N. J. L. 257; Zickler v. Union Bank Co., 104 Tenn. 277; 36 Cyc. 1078.]

Repeal of laws by implication is not favored (St. Louis v. Klausmeir, 213 Mo. 130; Mauker v. Falhaber, 94 Mo. 430) but when it is apparent that the whole subject has been revised, the later statute occupies the place of the other by substitution—substitution of "this for that."

The city brings to our attention a few other occupations in addition to defendant's, which are in the old ordinance and not in the new, and urges that as an argument against the total annulment of the former. There are not as many as suggested; at any rate, it is manifest that the subject was completely revised. To allow the city to control the question by hunting out some occupations in the old that are omitted in the new, would render useless the well established rule we are invoking. It is the fact that the new law has omitted parts of the old that gives the rule application. In Zickler v. Union Bank, supra, it is said "that whatever was omitted in the new law was intended to be discarded." In Roche v. Mayor, supra, 262, the court said that "When a statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not revived by constructions, but are to be considered as annulled."

The judgment must be reversed. All concur.