James J. HELBIG, Plaintiff-Appellant,

v.

Robert MURRAY (Individually and as Mayor of City of Crestwood), and City of Crestwood, Defendants-Respondents.

No. 36993.

Missouri Court of Appeals, St. Louis District, Division Three.

Oct. 18, 1977.

London & Greenberg, Lawrence J. Fleming, St. Louis, for plaintiff-appellant.

W. Ray Raleigh, Anton, Raleigh & Wynne, Crestwood, for defendants-respondents.

KELLY, Judge.

This is an appeal from a judgment of the Circuit Court of St. Louis County wherein the trial court sustained the defendants' motion to dismiss plaintiff-appellant's petition praying for an injunction to enjoin the defendants from removing him from the office of Fire Chief of the City of Crestwood, Missouri, or, in the alternative, for a declaration of the rights and duties of the parties and for an order requiring the City to reimburse him for wages and salary lost or withheld from him by reason of his removal from said office. We affirm.

Simply stated, plaintiff-appellant's (hereinafter the plaintiff) petition which was filed in the Circuit Court of St. Louis County on July 10, 1974, alleged that he was appointed Fire Chief of the City of Crestwood, a fourth class city within the County of St. Louis, on May 9, 1972, and served in that office from that date to the "present

time;" that defendant, Robert Murray, the mayor of the city, sought to appoint another person to the office of Fire Chief and to remove plaintiff from said office, in violation of the City Ordinances with respect to the Fire Chief's term of office (§ 7.03), the procedure to be followed for the removal of an appointive officer (§ 4.17(e)), the employment policy of the city as set out in § 4.19(e), and the provision in § 4.19(f) that an appointive officer's successor may not be appointed prior to said appointive officer's removal. The facts alleged in plaintiff's petition in support of the aforesaid were that after Mr. Murray took office, a motion was made before the Board of Aldermen of the city on June 25, 1974, that the Board approve the appointment of another person as Fire Chief but failed of passage because four members of the Board voted for the motion but four members also voted against the motion. Mr. Murray ruled that in his capacity as Mayor he had the authority to vote in case of a tie to break the tie and voted for the motion and ruled that the motion had carried. Plaintiff was advised by the City Administrator, that pursuant to directions from the Mayor, plaintiff was to remove his personal effects from the Fire Department offices and that his employment as Fire Chief was terminated. Plaintiff further alleged that no motion had been made or carried before the Board to terminate his position, and that the attempted removal of plaintiff from the office of Fire Chief is contrary to the Municipal Code of the City and violative of his due process rights guaranteed by the Constitutions of the United States and the State of Missouri. He also pleaded that he had no adequate remedy at law and that unless the defendants were enjoined and restrained from removing him from office he would suffer irreparable injury and damage to his good name and reputation and would be deprived of his means of livelihood.

Thereafter, on August 12, 1974, the defendants filed with the Circuit Court, a Request for Admissions and on August 15, 1974, plaintiff filed his objections to the Request for Admissions. On September 6, 1974, a "Court Memorandum" was filed whereby plaintiff's objections were sustained to all except Request for Admission No. 21, and plaintiff agreed to enter into a stipulation "establishing that his residence during the period Jan. 1, 1972 to date was in the City of St. Louis and his official address 6007 Eitman, St. Louis City."

On September 17, 1974, defendants filed their "Motion to Dismiss Or In the Alternative Motion for Summary Judgment." According to this Motion the basis for dismissal or summary judgment was that, at the time of plaintiff's appointment to the office of Fire Chief of the City, he was in violation of § 79.250 RSMo. 1969 by reason of non-residency as evidenced by the stipulation aforesaid and an affidavit of the City Clerk attached to and made a part of the Motion as an exhibit, that from January 1, 1972, "until the present time" plaintiff was not a registered voter of the City of Crestwood according to a list of registered voters provided by the St. Louis County Board of Election Commissioners. On some later date, (when, is not stated in the transcript of the record in this court) plaintiff filed an affidavit dated December 6, 1974, wherein he states that at the time of his appointment to the office of Fire Chief of the City he was living in the City of St. Louis at 6007 Eitman and that all members of the Board of Aldermen, as well as the Mayor at that time, knew this; that he continued throughout his term as Fire Chief to live at 6007 Eitman and he was never advised of any provision of Missouri law which would require that he be a resident of the City of Crestwood, and that his non-residency was not raised at any time and that, therefore, the City had waived any claim or objection to his non-residency.

On February 26, 1975, the Circuit Court entered the following order:

"Defendant's Motion to Dismiss previously heard and submitted is sustained and said cause be and it hereby is dismissed with prejudice at defendant's costs."

On appeal, plaintiff contends that the trial court erred in sustaining defendants' motion to dismiss because his petition did state a cause of action against the defendants and said motion was based upon matter not "encompassed" by his petition.

Plaintiff argues that a ruling on a motion to dismiss is confined to the face of the petition and that the trial court erred in considering matters outside the four corners of his petition in arriving at its order sustaining defendants' motion.

Generally in ruling on a motion to dismiss a petition for failure to state a cause of action the trial court is confined to the face of the petition. *Feinstein v. Edward Livingston & Sons, Inc.,* 457 S.W.2d 789, 792[1] (Mo.1970). Here, however, the motion to dismiss was joined with a motion for summary judgment with an affidavit attached as an exhibit and after the plaintiff entered into a stipulation of fact that he was never a resident of the City of Crestwood during the entire period he served as Fire Chief of that City. He further reinforced the stipulation by filing an affidavit wherein he again admits his non-residency. Rule 55.27(a) provides that " . . . if, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04 [V.A.M.R.]" *Kelley v. Schnebelen,* 545 S.W.2d 332, 334[1] (Mo.App.1976). We conclude, from defendants' Motion, the issue presented was whether plaintiff had standing in the face of his admitted non-residency to bring this cause of action seeking injunctory relief, and that the trial court correctly ruled he did not have standing. This argument of plaintiff we hold to be without merit.

Plaintiff's argument that he was denied procedural due process by reason of the failure of the defendants to follow the procedures for removal set out in the ordinances of the City is likewise without merit. The ordinances upon which plaintiff relies are set out in the appendix at the end of this opinion. Section 79.250 RSMo. 1969, requires "officers appointed under city governments be qualified voters and residents of that city, with the exception of police officers, the city attorney and other employees having only ministerial duties," and applies to all cities of the fourth class, which the City of Crestwood admittedly is. For reasons hereinafter stated we hold that the plaintiff had no standing to challenge his removal.

We conclude from the plaintiff's petition, his stipulation of non-residency, and his affidavit wherein he admits his non-residency, that he at no time possessed the statutory qualifications imposed by § 79.250 RSMo. 1969 for the appointive office of Fire Chief of the City, and was, at best, a "de facto officer" throughout the period of May 9, 1972, to June 25, 1974, by reason of his non-residency. Although he had the reputation or appearance of being the Fire Chief he assumed to be, in fact, under the applicable law, he had no right or title to the office he assumed to occupy. *State v. Smith,* 345 Mo. 1158, 139 S.W.2d 929, 933[5] (banc 1940).

Whether a "de facto officer" may challenge his removal from office by the duly elected officials of a city has not been decided in Missouri to our knowledge. Whether a "de facto officer" is entitled to all of the trappings of procedural due process, prior to removal from the office he holds in violation of the statutory residence requirements in a case where he concedes that he is in violation of said residency requirements throughout the period he served as Fire Chief, has likewise, to our knowledge, not been decided.

We believe, however, that since, by definition, a "de facto officer" has no legal right to the office he occupies, *State v. Smith, supra,* he sustains no injury or violation of any right or title to office upon

removal from said appointive office, whether said removal complies with the procedures established by the ordinances of the city for the removal of appointive officers or not, when as here, he admits that he does not possess the residency requirement established by the General Assembly for anyone accepting appointment to said municipal office.

Plaintiff does not really argue that he may not be removed from office for non-residency, and his counsel in oral argument, candidly conceded that his client's non-residency would be cause for his removal. Plaintiff contends, however, that removal, if it comes about, should be by Quo Warranto. In so arguing, he overlooks the posture in which his case was brought to the Circuit Court, i.e., a suit wherein he is the plaintiff praying for an injunction to restrain the defendants from removing him from an office for which he admits he does not possess the statutorily established residency qualifications. He attempts to employ the offices of a court of equity to prevent the defendants from complying with the requirements of § 79.250 RSMo. 1969 and to force them to retain him in office when he is not qualified. The equities are not with plaintiff and we hold that there was no error in the trial court's order dismissing plaintiff's petition because we find that he has no standing to pursue this remedy.

▬ Plaintiff's estoppel argument is likewise without merit. The general rule is that estoppel will not be applied against a municipal corporation in the exercise of a governmental function. *State ex rel. Walmar Investment Company v. Mueller*, 512 S.W.2d 180, 184[4] (Mo.App.1974). While in some exceptional circumstances, and where justice requires, the doctrine of estoppel may be applied against a municipal corporation and its officers, *Rottjakob v. Leachman*, 521 S.W.2d 397 (Mo. banc 1975), this is not one.

Judgment of the Circuit Court of St. Louis County is affirmed.

GUNN, P. J., and WEIER, J., concur.

## APPENDIX

### RELEVANT SECTIONS OF THE MUNICIPAL CODE OF THE CITY OF CRESTWOOD

1. Section 4.17(e): "REMOVAL OF OFFICERS. *Appointive Offices.* Appointive Officers may be removed by the Mayor at will and without cause with the consent of a majority of all the members elected to the Board of Aldermen. Appointive officers may be removed at will and without cause by a two-thirds vote of all the members elected to the Board of Aldermen independently of the Mayor's approval or recommendation."

2. Section 4.19(e): "TENURE OF OFFICE. *Employment Policy.* The Board of Aldermen hereby declares that it is the policy of the city with respect to those appointive and full time officials and full time salaried employees who depend for their livelihood upon their compensation from the city, to assure such persons of permanency in their employment, as nearly as possible to that which might be experienced in private employment, to the extent possible in the best interests of the city as may be determined by the Board of Aldermen."

3. Section 4.19(f): *"Terms Concurrent with Mayor.* Appointive officials and employees affected by this section whose terms are designated to run with that of the Mayor, shall be deemed to be appointed for indefinite terms and must be removed from office or employment before a successor may be be appointed."

4. Section 7.03: "FIRECHIEF. The Executive Officer of the Fire Department shall be the Fire Chief, to be appointed by the Mayor with the approval of the Board of Aldermen. The Chief's term shall be concurrent with that of the Mayor and shall continue until his successor is duly appointed and qualified. The Chief shall make or cause to be made all fire inspections of new buildings, be in charge of all operations of the Department and shall be responsible for the

training of the personnel thereof. He shall perform such other duties as may be directed by ordinance or order of the Board of Aldermen and directives of the Fire Board."