Dear Representative Beard:
This letter is in response to your request for an opinion in which you ask whether the Board of Park Commissioners of a third class city is a legally established body with all of the power and authority conferred under Section 90.550, RSMo 1978, even though the board was established by the city council prior to the effective date of Sections 90.500 to 90.570, RSMo 1978, and no successful election has ever been held pursuant to Section 90.500 or its predecessor statutes.
Sections 90.500 to 90.570, RSMo 1978, authorize voters in third class cities to create park boards for the purpose of establishing and maintaining public parks. Sections 90.510 to90.570 outline, inter alia, the powers and duties of park boards. Particularly relevant to your question, however, is Section90.500.1 which provides:
 When one hundred voters of any incorporated city or town having less than thirty thousand inhabitants, or any city of the third class, shall petition the mayor and common council asking that an annual tax be levied for the establishment and maintenance of free public parks in the incorporated city or town, and providing for suitable entertainment therein, and shall specify in their petition a rate of taxation as provided in this section not to exceed forty cents per year on each one hundred dollars of assessed valuation, the mayor and common council shall submit the question to the voters.
The tax collected pursuant to the authorization of the voters is to be deposited in a park fund (Section 90.500.3). The exclusive control of the expenditures of the money in the park fund is vested in the park board (Section 90.550).
In your opinion request, you inform us that no successful election has ever been held pursuant to Section 90.500. Therefore, we assume for purposes of this opinion, that any tax collected by the city for parks and recreation purposes is collected pursuant to Section 90.010, RSMo 1978, and 94.070(3), RSMo 1978, and not pursuant to Section 90.500.
Sections 90.500 to 90.570 constitute a comprehensive statutory plan for the establishment of a method to fund and manage public parks in third class cities. Under the facts you have presented to us, the statutory condition precedent, namely, voter authorization for the levy of an annual tax for the establishment and maintenance of free public parks has not occurred. Thus, it is our opinion that the powers granted to a park board pursuant to Section 90.550, are granted only to such park boards as are authorized consistent with the provisions of Section 90.500.
Nor can it be said that the Park Board of Commissioners is a de facto park board which, because of its assumption of the powers granted in Section 90.550, properly enjoys the exercise of those powers. In Cherry v. City Hayti Heights, 563 S.W.2d 72 (Mo. banc 1978), Supreme Court of Missouri provided the following test for recognition of a de facto municipal corporation:
 (1) A law under which it might have lawfully have been incorporated; (2) An attempted compliance in good faith with the requirements of the statute as to incorporation; (3) A colorable compliance with the statutory requirements; and (4) An assumption of user of corporate powers. Id. at 85.
It is clear that there is a law under which the park board might lawfully have been organized, and the park board has assumed, according to your recitation of facts, the powers of a Section90.550 park board. A more difficult question is that of colorable compliance with the requirements of the law. Since operation under "color of law" may consist of "simple acquiescence of the public for so long as to raise the presumption of a colorable right," State ex rel. City of Republic v. Smith, 139 S.W.2d 929
(Mo. banc 1940), Fort Osage Drainage Dist. of Jackson County v. Jackson County, 275 S.W.2d 326 (Mo. 1955), and State ex rel. Hand v. Bilyeu, 346 S.W.2d 221 (Mo.App. 1961), the existence of the Park Board of Commissioners in the city in question for over 80 years may provide the requisite "colorable compliance". Nevertheless, in the absence of attempted compliance with statutory requirements, we do not believe that the Board of Park Commissioners can be considered a de facto organization entitled to the exercise of Section 90.550 powers.
In sum, it is the opinion of this office that the Board of Park Commissioners of the city may not exercise the authority conferred by Section 90.550 in the absence of an authorizing election called and held pursuant to the provisions of Section90.500.
You have not asked, nor do we herein offer an opinion as to whether or not the city, under its municipal powers, could delegate the exclusive control of the parks to a board of park commissioners pursuant to ordinance. We respectfully suggest that as you inform the relevant parties of this opinion, you also inform them of the need to resolve the delegation question prior to a divestiture of the Board of Park Commissioners' authority, since under municipal law, the ordinance may constitute a valid delegation of the city's powers.
Very truly yours,
 JOHN ASHCROFT Attorney General