Dear Representative Pauley:
This opinion is in response to your question asking:
 Whether a fourth-class statutory city has the power to establish a toll street whereby all motor vehicles using that street would be required to pay a toll/fee for such use.
Your question involves the payment of a toll in order to use a particular street. You have indicated the purpose of such toll would be to provide funds for the repair of that street.
A municipal corporation is a creature of the legislature, possessing only those powers expressly granted or those necessarily or fairly implied in or incidental to express grants, or those essential to the declared objects of the municipality.Anderson v. City of Olivette, 518 S.W.2d 34, 39 (Mo. 1975).Wilson v. City of Waynesville, 615 S.W.2d 640, 643 (Mo.App. 1981). A fourth class city has only such powers as are conferred upon it by the state. State ex rel. City of Republic v. Smith,139 S.W.2d 929, 932 (Mo. banc 1940). Any reasonable doubt as to whether a power has been delegated to a municipality is resolved in favor of nondelegation. Anderson v. City of Olivette,supra.; Wilson v. City of Waynesville, supra. We do not find any statute authorizing a fourth class city to establish a toll street such as that which is the subject of your question.
In discussing toll bridges, the courts have stated:
 Our Supreme Court, en banc, has said that: "The building or acquiring of toll bridges by the state, if authorized, is a legislative function. The Legislature, and it alone, has authority to say whether or not the state shall acquire or build toll bridges." State ex rel. Jones v. Brown, 338 Mo. 448, 456, 92 S.W.2d 718, 721(3). And we would add that the same must be true with respect to the operation of toll bridges. Counsel have not cited, and our independent search has failed to reveal, any constitutional or statutory provision which conferred upon the Commission the authority to operate the bridge under consideration as a toll bridge or from which such authority might have been fairly and reasonably implied. Believing and holding (as we do) that the Commission had no authority to operate the bridge as a toll bridge, . . . . (Emphasis in original.)
State ex rel. State Highway Commission v. County of Camden,394 S.W.2d 71, 77 (Mo.App. 1965).
While fourth class cities have control over their streets, see Section 88.670, RSMo 1986, this general authorization could not be the basis for creating and operating a toll street without a more precise grant of authority.
CONCLUSION
It is the opinion of this office that a fourth class city does not have the authority to create and operate a toll street.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General