Dear Representative Robinson:
You have submitted the following questions regarding community college districts to our office for response:
 1. Is a trustee who lived in their elective sub-district as of the time of their election as trustee, but subsequently changes their domicile to another trustee's elective sub-district still eligible to serve as trustee?
 2. Alternatively, does the statutory requirement that a trustee be domiciled and a resident of the sub-district as set forth in Section 178.820.4, RSMo[,] only apply to the trustee's domicile and residence as of the date of election, or does the use of the word domicile indicate that the trustee must remain a resident of the sub-district for their tenure as trustee?
To respond to your inquiry, we must review the statutes that provide for community college districts and the provision that allows for a district to organize into subdistricts.
Section 178.800[1] allows the voters from each component school district in a proposed community college district to petition for the creation of that district. If the State Board of Education determines that the proposed area meets the applicable standards, it shall order that the question of creating the new district be submitted to the voters. In that same election, the voters shall elect six trustees at large from the entire proposed district. Section 178.820.1.
After the initial election approving the district, the board may adopt a resolution establishing a redistricting committee to consider forming subdistricts within the community college district. If adopted, the board shall forward a copy of the resolution to the Coordinating Board for Higher Education to request the appointment of a redistricting committee. The redistricting committee, composed of residents of the affected district, shall adopt a redistricting plan creating at least two but no more than six subdistricts, apportioned on the basis of population. The redistricting plan may provide for election of trustees by subdistrict, provide for the election of one or more trustees at large and the rest from subdistricts, or provide for the election of all trustees at large with the requirement that each must reside in a certain subdistrict. Section 178.820.2.
We understand that your question is limited to community college districts that have adopted plans pursuant to Section 178.820 whereby at least some trustees are elected by subdistrict, and where trustees elected who are elected from subdistricts in which they reside move into different districts during their term as trustees. You have asked whether such trustees are disqualified from office by having moved out of the subdistrict from which they were elected.
Two subsections of Section 178.820 affect our analysis. First, subsection 4 provides: "Any person running for election as a trustee of a subdistrict shall be domiciled and a resident therein. . . ." That subsection goes on to provide that the Coordinating Board shall approve any redistricting plan
 in which the population of any subdistrict divided by the number of trustees to be selected therefrom substantially equals the population of any other subdistrict divided by the number of trustees to be elected therefrom. Upon approval, the redistricting plan shall become effective and all trustees elected thereafter shall be required to be elected from subdistricts in which they are resident.
(Emphasis added.) Subsection 5 provides additional qualifications for trustees:
 Candidates for the office of trustee shall be citizens of the United States, at least twenty-one years of age, who have been voters of the district for at least one whole year preceding the election, and if trustees are elected other than at large they shall be voters of the subdistricts for at least one whole year next preceding the election. All candidates for the first board of a district shall file their declaration of candidacy with the coordinating board for higher education.
(Emphasis added.)
Both subsections 4 and 5, then, tie eligibility to residence. But while these provisions explicitly state that candidates for trustee of subdistricts must reside in those subdistricts at least one year prior to the election, Section 178.820 is silent on the effect of trustees moving out of their subdistricts during their terms of office.
Though this circumstance has not been addressed by any Missouri court in the context of community college districts or Section 178.820, there is precedent arising from a similar statute. At issue in State ex rel. Johnston v. Donworth, 127 Mo. App. 377,105 S.W. 1055 (St. L. 1907), was a statute requiring that an alderman be "an inhabitant and resident of the city for one year next preceding his election, and a resident of the ward from which he is elected." Section 5911, RSMo 1899. The court of appeals addressed a situation similar to the one you posit:
 Defendant was elected to [the office of alderman in the Third Ward of the city of Kirkwood] April 3, 1906, and at the time of his election was a resident of the ward; but on April 26, 1907, he changed his residence into the Second Ward of the city, and has since dwelt there.
105 S.W. at 1055. The court held that the "change of residence to another ward disqualifies him to represent the ward by which he was chosen and forfeits his right to office." Id. The court explained the absurd result of a contrary holding:
 If a person elected alderman is a resident of the ward on the day of the election, but immediately moves into another ward, he could serve his two-year term; and, if all the aldermen of a city should happen to move into one ward during their respective terms of office, they would still constitute the board of aldermen. Such contingencies are opposed to the policy of the statute, which policy is to require aldermen to be residents of the ward, not only when elected but during their terms of office.
Id. at 1056. The court of appeals thus confirmed that Missouri follows the rule adopted by a majority of the states:
 The cases generally hold that when residence is a prerequisite to a given office then a change of residence vacates that office, absent a legislative expression to the contrary. . . . [W]hen a statute by its language provides qualifications for an office at the time of election or appointment `such qualification is a continuing one; that is, it must subsist during the entire term of office.'
Dorf v. Skolnik, 280 Md. 101, 115, 371 A.2d 1094, 1101-02
(Md.Ct.App. 1977) (citations omitted), quoting State ex rel.Fugina v. Pierce, 191 Wis. 1, 3, 209 N.W. 693 (1926).
The residency requirement imposed by Section 178.820 is comparable to the one at issue in Donworth. Again, Section 178.820.5 requires that a trustee elected from a subdistrict must reside in and have been a voter of that subdistrict for at least one year before the election. The logic of the Donworth holding as to aldermen elected from districts applies equally well to community college district trustees elected from subdistricts.
To interpret Section 178.820 to allow trustees, once elected, to move out of their subdistricts, would be contrary to the intent of this provision: that trustees elected to represent subdistricts reside in the subdistricts they represent. That interpretation would permit trustees who reside in and are registered voters in the subdistricts when elected to out of their subdistricts the day after the election. This would frustrate one of the main goals of the statute: to ensure that each subdistrict be represented by a trustee elected from that subdistrict. It would violate a primary rule of statutory construction: to avoid an unreasonable result. Edwards v.Hyundai Motor America, 163 S.W.3d 494 (Mo.Ct.App. E.D. 2005).
 CONCLUSION
If trustees of community college districts who are elected to represent subdistricts, and who must be residents of those subdistricts at the time of election pursuant to Section 178.820, RSMo 2000, move their residence from those subdistricts, those trustees are disqualified from the office of trustee.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] All citations to the Revised Statutes of Missouri are to the 2000 revision.