Ellen WOODS, Plaintiff,

v.

The JUVENILE SHOE CORPORATION OF
AMERICA, Respondent,

and

Robinson Shoe Company, a corporation, and
Robinson's Kansas Shoe Company,
Inc., Appellants.

No. 49210.

Supreme Court of Missouri,

Division No. 1.

Nov. 14, 1962.

Alvin C. Randall, Ralph H. Smith, Jr., Houts, James, Randall, Hogsett & McCanse, Kansas City, for appellants.

Thos. J. Conway, Jr., Popham, Thompson, Popham, Trusty & Conway, Kansas City, for respondent.

HOUSER, Commissioner.

Ellen Woods sued The Juvenile Shoe Corporation of America, a corporation, hereinafter "the manufacturer," and Robinson Shoe Company, a corporation, a retail shoe store, hereinafter "the shoe store," and Robinson's Kansas Shoe Company, Inc., a chain of shoe stores, hereinafter "the shoe chain," for $200,000 damages for personal injuries allegedly resulting in the necessary amputation of plaintiff's left leg, based on negligence of the manufacturer in manufacturing and negligence of the shoe store and shoe chain in selling to plaintiff a shoe with a tack in it, without inspecting it, and breach of implied warranty of fitness. After answering plaintiff's petition, the shoe store and shoe chain filed a joint cross-claim against the manufacturer for full indemnity for any judgment that might be rendered for plaintiff and against the shoe store and shoe chain. This is an appeal by the shoe store and shoe chain from a judgment of the circuit court dismissing the cross-claim.

First for consideration is respondent-manufacturer's claim that this appeal is premature; that the judgment of October 11, 1961 dismissing the cross-claim did not dispose of all of the issues in the case, and therefore was an unappealable judgment. Appellants-shoe store and shoe chain counter with the proposition that the trial court amended its judgment, thereby making it an appealable order. Respondent retorts that the amendment was invalid because made more than 30 days after the judgment.

After the issues were made up on plaintiff's petition and defendants' answers, and after the shoe chain and shoe store filed their cross-claim, the manufacturer filed a motion to dismiss the cross-claim for failure to state a "cause of action" upon which relief can be granted. The trial court heard the motion to dismiss and on October 11, 1961 made an order that the cross-claim "be and the same is hereby dismissed * * *." At that time, October 11, the issues framed by plaintiff's petition and defendants' answers had not been tried; no order for a separate trial of the cross-claim had been requested or made, and no separate trial of the cross-claim had been conducted. The order of October 11 was not a final, appealable judgment. It was an interlocutory order. Dotson v. E. W. Bacharach, Inc., Mo. Sup., 325 S.W.2d .737, 739[4]. An interlocutory order is always under the control of the court making it. Barlow v. Scott, Mo.Sup., 85 S.W.2d 504, and authorities cited, loc. cit. 519; Deickhart, Trustee v. Rutgers, 45 Mo. 132, 136. At any time before final judgment a court may open, amend, reverse or vacate an interlocutory order, Thompson v. Hodge, Mo.App., 348 S.W.2d 11, and authorities cited, loc. cit. 13, regardless of the general rule that, absent a motion for new trial, a final judgment becomes fixed and beyond the reach of the court to change, amend, or modify after the expiration of the thirty days allowed by Supreme Court Rule 75.01, V.A.M.R. A separate appeal from the interlocutory order of dismissal dated October 11 would have been premature and subject to dismissal, because of its interlocutory character and because there were other issues in the case remaining undetermined. Dotson, supra; McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co., Mo. Sup., 323 S.W.2d 788; Kidd v. Katz Drug Co., Mo.App., 244 S.W.2d 605, 606. In the exercise of its discretion,[1] the trial court on November 15, 1961 entered an order by way

1. Apparently following the suggestion of the correct procedure in such situation made in Dotson, supra, 325 S.W.2d, loc. cit. 739, since the language of the order is identical with the language of Dotson.

of amendment, which provided that the court's order of October 11 dismissing the cross-claim "be and is hereby amended as follows: 'This order sustaining the Juvenile Shoe Corporation of America's motion to dismiss cross-claim of defendants Robinson Shoe Company and Robinson's Kansas Shoe Company, Inc. and dismissing said cross-claim, is hereby specifically designated as a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo., V.A.M.S.' * * *" On November 15 the interlocutory order of dismissal became "for the first time an appealable and final judgment," authorizing an appeal "within the appropriate time." Dotson, supra, 325 S.W. 2d, loc. cit. 739[4]. Appellants filed their notice of appeal on November 20, in full compliance with the requirement of Supreme Court Rule 82.04 that the notice of appeal be filed not later than ten days after the judgment or order appealed from becomes final. The order of dismissal is properly here for review.

■ Under the ruling of the majority of this Court in Crouch v. Tourtelot, Mo.Sup., 350 S.W.2d 799, we have jurisdiction because the amount in dispute in this situation, where nothing of record indicates lack of good faith on plaintiff's part, is the amount claimed by plaintiff from defendants, which is in excess of $15,000.

On the merits, the question is whether the cross-claim states a "cause of action" for indemnity against the manufacturer, based on negligence. The amended cross-claim recites the allegations of plaintiff's petition that the shoes which caused plaintiff's injury were manufactured and placed in commerce by the manufacturer, and sold to plaintiff by cross-claimants; that the manufacturer was under a duty to exercise due care in their manufacture and that both manufacturer and cross-claimants were under a duty to inspect the shoes; that there was an implied warranty to plaintiff by the manufacturer and the cross-claimants that the shoes were not defective, and that these warranties were breached. The cross-claim further alleges that the shoes in question were sold by the manufacturer to cross-claimants, which as retailer sold the shoes to plaintiff; that neither cross-claimant knew of any defect and did not cause or create any defect in the shoes; that if such defect existed it was caused and created by the manufacturer at the time it made the shoes. The liability of the manufacturer to cross-claimants in the event of a recovery by plaintiff against cross-claimants on the basis of negligence is set forth in paragraph 5 of the cross-claim, which follows: "5. If plaintiff should prevail on the charge of negligence in this action against cross-claimants, or either of them, it will be due to a finding of the alleged fact that The Juvenile Shoe Corporation of America created a defective shoe and that cross-claimants are liable to plaintiff because of alleged passive negligence in failing to discover the alleged defect, correct same or warn plaintiff; and in such an event, cross-claimants will have become liable, with The Juvenile Shoe Corporation of America, for harm allegedly caused to plaintiff because of cross-claimants' alleged negligent failure to discover, make safe or warn of, a dangerous condition in said shoe, which was created by the negligence and misconduct of The Juvenile Shoe Corporation of America, and which, as between cross-claimants on the one hand and The Juvenile Shoe Corporation of America on the other, it was The Juvenile Shoe Corporation of America's duty to make safe; and cross-claimants are entitled to restitution and indemnity from The Juvenile Shoe Corporation of America for expenditures properly made in the discharge of such liability, including the amount of any judgment which may be rendered against cross-claimants and all expenses and costs incurred in the defense of plaintiff's action against cross-claimant." The prayer of cross-claimants is for judgment against the manufacturer for the amount of any judgment that might be rendered in favor of plaintiff and against cross-claimants, and for their costs and expenses in defending against the charges asserted by plaintiff.

■■ The cross-claim states a claim upon which relief can be granted by way of indemnity for exposure of the indemnitee to liability for negligence by the act of the indemnitor. In Kansas City Southern Ry. Co. v. Payway Feed Mills, Inc., Mo.Sup., 338 S.W.2d 1; McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co., Mo. Sup., 323 S.W.2d 788, and Crouch v. Tourtelot, Mo.Sup., 350 S.W.2d 799, this Court reviewed Missouri authorities, and others, demonstrating the circumstances and announcing the principles under which indemnity may be required for a liability arising out of negligence. No restatement of the rules or repetition of the analyses made in these opinions need be made here. Under the rules laid down in the Kansas City Southern, McDonnell and Crouch cases and the previously adjudicated cases cited therein cross-claimants, under the allegations of their cross-claim, were not in pari delicto with the manufacturer; the manufacturer was charged with negligence as the original and primary wrongdoer, in actively creating a dangerous condition by manufacturing a shoe with a tack negligently caused to protrude into the inside or wearing surface of the shoe, and cross-claimants were charged with negligence under their secondary duty to plaintiff. If the allegations of the cross-claim be established upon trial on the merits cross-claimants would be entitled to indemnity for liability for negligence imposed upon them solely by their failure to discover and correct, remedy or prevent injury from a dangerous condition caused solely by the party to be charged, not joined in by cross-claimants. Restatement of the Law of Restitution, § 95; Kansas City Southern Ry. Co. v. Payway Feed Mills, Inc., supra; Busch & Latta Paint Co. v. Woermann Const. Co., 310 Mo. 419, 276 S.W. 614. Where one party creates the condition which causes injury and the other party does not join therein but is exposed to liability on account of it, the rule that one of two joint tort-feasors cannot maintain an action for indemnity against the other does not apply. Barb v. Farmers Insurance Ex-

change, Mo.Sup., 281 S.W.2d 297, and cases cited, loc. cit. 304.

We are not asked to determine whether the cross-claim also states a claim upon which relief can be granted by way of indemnity for liability imposed for breach of implied warranty of fitness.

The judgment is reversed and the cause remanded with instructions to reinstate the cross-claim, and for further proceedings according to law.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.