Robert J. STOFFEL, (Plaintiff) Appellant,

v.

MAYFAIR–LENNOX HOTELS, INC., a Corporation, (Defendant) Respondent.

No. 31851.

St. Louis Court of Appeals.

Missouri.

Feb. 16, 1965.

Rader & Love, Chester A. Love, Clayton, for (plaintiff) appellant.

Grand, Peper & Martin, Robert O. Hetlage, St. Louis, for (defendant) respondent.

DOERNER, Commissioner.

Plaintiff, a landscape architect, brought this action to recover the sum of $2500 for services claimed to have been rendered to the defendant. Defendant filed a motion for summary judgment, which the trial court sustained, and plaintiff appealed.

Plaintiff's first amended petition contained two counts. In the interest of clarity we will consider separately the appeal as it relates to each count. In Count I plaintiff alleged that defendant was the owner of a described tract of land in St. Louis County whereon it was building a hotel facility; that in that connection defendant employed Clifford R. Fields and Associates as architects "to design the said hotel building and do such other related work as is connected therewith"; that the Fields' firm " * * * as agents, servants and employees" of the

defendant " * * * did engage the services of the plaintiff for the purpose of designing and laying out a certain landscape plan in connection with the construction of the said hotel facility"; that pursuant thereto plaintiff rendered certain services, which were described at length; that "the plaintiff rendered these services to the defendant between the 1st day of March, 1963, and the 19th day of April, 1963"; and that the reasonable value of plaintiff's services were $2500, for which demand had been made and payment refused. The prayer was for judgment in that sum, together with costs.

So far as the record before us shows, the only pleading filed by defendant was its motion for summary judgment.

■■■ As pointed out in Cooper v. Finke, Mo., 376 S.W.2d 225, 229, a summary judgment, as its name indicates, is an extreme and drastic remedy and great care should be exercised in utilizing the procedure. It may be rendered when, but only when, the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of a material fact and that the moving party is entitled to a judgment as a matter of law. Civil Rule 74.04(c), V.A.M.R.; Swink v. Swink, Mo., 367 S.W.2d 575; Brown v. Prudential Insurance Co. of America, Mo.App., 375 S.W.2d 623. The burden of establishing the nonexistence of any genuine issue of a material fact is on the moving party. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; Sprague v. Vogt, 8th Cir., 150 F.2d 795. The proof upon which he relies must be "unassailable proof." Civil Rule 74.04(h), V.A.M.R.; Cooper v. Finke, supra; Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed. 2d 458. And where, as here, plaintiff appeals from a judgment summarily granted defendant we must view the record in the light most favorable to plaintiff and give him the benefit of every doubt. Cooper v. Finke, supra; Poller v. Columbia Broadcasting System, Inc., supra; Walling v. Fairmont Creamery Co., supra.

Prior to the hearing on the motion plaintiff's deposition had been taken by defendant and was on file. Defendant maintains that the summary judgment should be affirmed because plaintiff's testimony therein conclusively established as a matter of law that any services performed by plaintiff were undertaken by him as a commission salesman for Westover Farms Landscaping Co., in the hope of selling planting services and material, and not as a landscape architect seeking direct compensation. In his deposition plaintiff described himself as a self-employed landscape architect, with his office in the home of his parents, where he resided. He testified that except for one fee of $50, his entire income for the years 1961 to and including 1963 to date was derived from commissions paid by three nursery companies, principally the Westover Company, on nursery stock sold by such companies through his landscaping. As plaintiff put it, "As I told you I am self-employed. I obtain the jobs myself, and when I see fit to whom I allocate various contracts (sic). * * * I can entertain bids from other nurseries through my landscaping." Of course, the important factor is not what plaintiff did in general, but what was done in this instance. On that score plaintiff testified that having learned that Clifford R. Fields and Associates was the architect for defendant's project he wrote a letter to that firm in July, 1962 "* * * requesting to be the landscape architect for the Mayfair-Lennox motel, Motor Hotel." He could not recall the response he received other than that he was told to call Goldman in November. Plaintiff testified that in November, 1962, "I called Mr. Goldman long distance in Mount Vernon and discussed the possibility of me being the landscape architect for the Mayfair-Lennox Motel, Motor hotel. He instructed me that he needed someone with my knowledge and that he would be willing to hire me as a landscape architect for a certain fee, and I agreed to this situation." Regarding the amount of his compensation, plaintiff said that Goldman "* * * specified he would pay the running rate," which

plaintiff stated in another part of his deposition was $10 to $15 per hour.

To negate the effect of this testimony defendant points to another part of plaintiff's deposition in which he said that around the first week in March, 1963, about the same time plaintiff was told to start to work on the landscape plan, Goldman came to the Westover Company's office " * * * and stated rather emphatically he wanted Westover Landscaping to do all the work (supplying and planting the nursery stock) because of their quality of material and quality of workmanship." Plaintiff further related that until April 18, 1963 he did not know that Goldman had asked for bids for the furnishing and planting of the nursery material; that until that date he had assumed that the Westover Company would be given the contract for such work, and if it had he would have received the usual commission of 15% from Westover; that in that event he did not expect to make an additional charge for his services; and that he assisted Mr. Meyer, president of Westover, in preparing its bid. He said that he delivered Westover's bid to Goldman on April 19, 1963, and at the same time attempted to submit to Goldman his own bill for $2500 for his services, which Goldman refused to accept. At another part of his deposition plaintiff was asked:

"Q. Did you have any written contract for the services to be performed?

"A. None.

"Q. Did you have any discussion with Mr. Goldman concerning the fee you were to receive or the fact you were making a separate charge at any time prior to April 19, 1963?

"A. No.

"Q. The first discussion you had with Mr. Goldman concerning your fee or the basis upon which you were to be paid was April, 1963; is that correct?

"A. Yes, sir."

In addition to plaintiff's deposition there are also in the record two affidavits filed by defendant in support of its motion for summary judgment, to which reference will subsequently be made. Neither sheds any light on the question of whether plaintiff was employed as a landscape architect, or whether his status was that of a commission salesman for Westover. However, plaintiff also filed an affidavit on his own behalf, and stated in part, " * * * that the said Clifford R. Fields and Associates employed the plaintiff to do the work described in his petition."

■ Viewing the record in the light most favorable to the plaintiff and giving him the benefit of every doubt, as the foregoing authorities hold must be done, we do not believe it can be said as a matter of law that plaintiff's testimony conclusively established that the services he rendered were performed solely and only as a commission salesman for the Westover Company. Plaintiff testified positively and unequivocally to his initial employment by Goldman as a landscape architect at the customary rate for such services. The fact that he subsequently expected to obtain his compensation in the form of the usual commission from Westover, based on Goldman's assurance that he wanted Westover to be given the contract for furnishing and planting the nursery stock, merely showed that in that event plaintiff did not intend to hold Goldman to his agreement to pay a separate fee. But so far as plaintiff's testimony shows, his intention was never communicated to Goldman, and there is no other evidence in the record that the original contract of employment was ever cancelled by mutual consent. And the record does show that when plaintiff first learned that Goldman was taking bids he immediately submitted a bill for the services which he had rendered and which, his testimony indicates, had been accepted by Goldman. As to his testimony regarding the absence of any discussion with defendant or Goldman prior to April 19, 1963, we interpret his statement to mean that be-

tween the time of his initial employment in November, 1963, and the time when he learned that Goldman was taking bids, he did not initiate any discussion with Goldman concerning his separate fee or the basis upon which he was to be paid. Such lack of discussion would, of course, accord with his unexpressed intention to look to Westover for a commission, rather than to Goldman or defendant for a separate fee, based upon Goldman's emphatic declaration that he wanted Westover to furnish and plant the nursery material.

Defendant also contends that the summary judgment as to Count I of plaintiff's petition should be affirmed because it was conclusively established as a matter of law that if Clifford R. Fields and Associates employed plaintiff it did not do so, did not purport to do so, and had no authority to do so as agent or on behalf of defendant. In support of this argument defendant relies primarily on the two affidavits filed with its motion, one by John C. Roberts, Jr., defendant's Secretary-Treasurer, and the other by Clifford R. Fields of Clifford R. Fields and Associates. The affidavits compliment one another. Each affiant stated that on behalf of his firm he personally conducted negotiations with the other, and on behalf of his principal entered into "certain contract arrangements * * *" for the performance by the Fields' firm of "certain architectural services with respect to the design and construction of the Mayfair-Lennox Airport Inn"; that he was personally familiar with all such contract arrangements; that "* * * there are no contractual arrangements under which Clifford R. Fields and Associates has been authorized to act as agents, servants or employees of Mayfair-Lennox Hotels, Inc. * * *"; and that the Fields' firm "* * * has not been authorized by Mayfair-Lennox Hotels, Inc. to engage the services of Robert J. Stoffel, or any other person, on behalf of Mayfair-Lennox Hotels, Inc." Fields' affidavit contained the additional statement that the Fields' firm "* * * has not purported to engage the services of Robert J. Stoffel or any other person on behalf of Mayfair-Lennox Hotels, Inc."

The creation of the relationship of principal and agent is contractual in nature, and can be created only by an agreement, express or implied. Brown v. Anthony Mfg. Co., Mo., 311 S.W.2d 23; State ex rel. Mountain Grove Creamery, Ice & Electric Co. v. Cox, 315 Mo. 619, 286 S.W. 368; State v. Cochran, 336 Mo. 649, 80 S.W.2d 182. It is apparent from the foregoing affidavits only that "* * * certain contract arrangements * * *" were entered into between the two firms for the performance of certain architectural services. Whether the contract was oral or in writing is not stated. In either event the contract itself would be the best evidence of its terms. All that the affidavits contain are the affiants' conclusions of law, not statements of "* * * such facts as would be admissible in evidence * * *." Civil Rule 74.04(e), V.A.M.R. Under corresponding Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., it is held that conclusions of law in affidavits are of no effect and are not sufficient to sustain a motion for summary judgment. Barron & Holtzoff, Federal Practice and Procedure, Vol. 3, Sec. 1237, pp. 164, 165; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; United States v. Britten, 3 Cir., 161 F.2d 921; G. D. Searle & Co. v. Chas. Pfizer & Co., 7 Cir., 231 F.2d 316. Such decisions are particularly persuasive in applying our rule. Cooper v. Finke, Mo., 376 S.W.2d 225. Before leaving the subject of conclusions we should add that we consider plaintiff's affidavit that the Fields' firm "* * * had the apparent, if not actual, authority to bind * * *" the defendant to be in the same category.

To a lesser extent defendant also relies on plaintiff's deposition on the question of agency. In that connection plaintiff testified that he did not know whether there was a written contract between Clifford R. Fields and Associates and the de-

fendant; and that the only basis for his allegation that the Fields' firm was an agent, servant or employee of defendant was the fact that Clifford R. Fields and Associates was the architect for the defendant. As defendant states, that conclusion does not necessarily follow as a matter of law. But neither does it necessarily follow that because plaintiff's personal reason for the allegation is based on that conclusion that other evidence, such as the contract between the defendant and the Fields' firm, would not support the allegation. In short, we are of the opinion that defendant did not sustain its burden of showing by "unassailable proof" that as a matter of law the Fields' firm was not defendant's agent. Civil Rule 74.04(h), V.A.M.R. It follows that the summary judgment in favor of defendant on Count I cannot stand. Cooper v. Finke, supra.

 Terming Count II an "alternative cause of action," plaintiff incorporated therein by reference all of the foregoing allegations in Count I, and pleaded in addition that "* * * the defendant was benefited by plaintiff's work and did accept the benefits of the plaintiff's work * * *." The prayer was for a judgment for $2500, and costs. To sustain the summary judgment on Count II defendant contends that "* * * Even if plaintiff were able to prove these allegations, plaintiff would not be entitled to judgment because the allegations are insufficient to sustain a cause of action. Since plaintiff could not obtain judgment upon proof of all the facts alleged, defendant was entitled to a summary judgment on Count II of plaintiff's petition and the summary judgment should be affirmed." Thus defendant would have us treat its motion for summary judgment as a motion to dismiss for failure to state a claim upon which relief can be granted. Civil Rule 55.33, V.A.M.R. But as was pointed out in Cooper v. Finke, Mo., 376 S.W.2d 225, 230: "* * * The trial court did not rule the sufficiency of the petition and there is no occasion for us to do so. The two procedures have different at-

tributes. * * *" And different results follow, for if plaintiff's initial petition is found to be insufficient it should not be summarily dismissed with prejudice without giving plaintiff an opportunity to amend. Civil Rule 55.53, V.A.M.R.; Burke v. City of St. Louis, Mo., 349 S.W.2d 930. We must confess, however, that since plaintiff in explanation of the basis of his cause of action quotes from both Bennett v. Adams, Mo.App., 362 S.W.2d 277 and 3 Amer.Jur.2d, Agency, Sec. 175, which to our mind state different theories of recovery, we are not clear as to the correct basis of the cause of action attempted to be pleaded in Count II.

Defendant further contends that "* * * Plaintiff alleged that he performed certain landscape architectural services for Clifford R. Fields & Associates * * *" and proceeds to argue that plaintiff's allegations and statements demonstrate that the services plaintiff performed were rendered to the Fields' firm, not to defendant. Defendant is mistaken. What plaintiff alleged, first of all, was that the Fields' firm was the agent of defendant, and that as such it engaged plaintiff to design a landscape plan for defendant's hotel facility; that the "plaintiff rendered these services to *the defendant* (emphasis supplied) * * *"; and that defendant accepted and was benefited by plaintiff's labors. As has been discussed, defendant has not shown by unassailable proof that the Fields' firm was not its agent, or, if it was, that it exceeded its authority in engaging the services of plaintiff on behalf of defendant. Nor, as plaintiff points out, has the defendant denied by answer or affidavit the allegations in plaintiff's petition, and the statement in plaintiff's affidavit, that defendant accepted the benefits of plaintiff's labor. If on a trial plaintiff can adduce proof to sustain the allegations in Count II it would seem that he would make a prima facie case under the principles set forth in 3 Amer.Jur.2d, Sec. 175. In any event, whatever may be correct as to plaintiff's theory of recovery, defendant's proof does

not " * * * show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances. * * " Brown v. Prudential Insurance Co. of America, Mo.App., 375 S.W.2d 623, 628. We are therefore constrained to hold that on the record before us the summary judgment in favor of defendant on Count II should not have been rendered.

For the reasons stated the judgment should be reversed and the cause remanded. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is reversed and the cause remanded.

RUDDY, P. J., ANDERSON, J., and FRANK D. CONNETT, Jr., Special Judge, concur.