Benton S. FEINSTEIN, Plaintiff,

v.

EDWARD LIVINGSTON & SONS, INC., Appellant-Defendant and Third Party Plaintiff,

v.

GREER HYDRAULICS, INC., Respondent and Third Party Defendant,

v.

W. B. REALTY CORP., Third Party Defendant.

No. 54388.

Supreme Court of Missouri,

Division No. 2.

Sept. 14, 1970.

William H. Sanders, Larry L. McMullen, David C. Trowbridge, Kansas City, for appellant, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, of counsel.

James W. Benjamin, Cecil L. Caulkins, Rogers, Field, Gentry, Benjamin & Robertson, Kansas City, for respondent.

DREW W. LUTEN, Jr., Special Judge.

This action was brought by the plaintiff, Benton S. Feinstein (hereinafter referred to as "Feinstein"), seeking from the defendant, Edward Livingston & Sons, Inc. (hereinafter referred to as "Livingston"), damages of $100,000.00 for allegedly being injured while a business invitee upon the premises of a car-wash establishment, owned and operated by one De Cesare, as the result of the explosion of a component, described as the "accumulator," of a car-

wash system in operation there. His petition was in three counts, one count charging negligence of Livingston in the design, manufacture, assembly, inspection and supplying of the car-wash system and its component parts, including the accumulator thereof, another count charging negligence of Livingston in supplying a defective, dangerous and unsafe car-wash system, in that it included as one of its component parts a defective accumulator, with Livingston knowing that it would be purchased and used without inspection, and a third count charging Livingston with breach of warranty.

Livingston filed an answer to Feinstein's petition, and later, upon motion therefor being granted, filed a third-party petition (which shall later be discussed in more detail) against the third-party defendant, Greer Hydraulics, Inc. (hereinafter referred to as "Greer"), seeking indemnity upon the ground that Greer negligently, and in breach of warranty, manufactured and supplied to Livingston the part of the car-wash system, the accumulator, which exploded.

Greer filed a motion to dismiss the third-party petition of Livingston, upon the grounds (1) that such petition failed to state a claim upon which relief could be granted, and (2) that the plaintiff Feinstein's petition having charged the defendant Livingston with primary and active negligence, and breach of warranty, Livingston had no right of indemnity against Greer.

Greer's motion to dismiss Livingston's third-party petition was overruled on July 11, 1968. Greer then filed an answer, and, some six weeks later, filed a motion for summary judgment, supported by affidavit and certified record documents to the effect that Feinstein had previously filed against Greer a similar lawsuit in the Superior Court of Los Angeles County, California, which had resulted in a verdict and final judgment in favor of Greer and against Feinstein, and that plaintiff Fein-

stein, having once failed in his claim, should not under the law be permitted to again raise the same issues in this proceeding. That motion alternatively prayed for dismissal of this action, for a summary judgment in favor of the movant (Greer) upon all issues, or for a summary judgment in favor of the movant (Greer) upon such part of the issues as the court below might determine to have been finally adjudicated in the California suit.

Subsequently, Greer filed an application (motion) seeking, as an alternative to its motion for summary judgment, reconsideration of the action of the court in overruling its motion to dismiss.

Thereafter, on December 4, 1968, the court below entered the following order.

"Now on this 4th day of December, 1968, the court having fully considered the application of the defendant, Greer Hydraulics, Inc., for reconsideration of its motion to dismiss, in the alternative to its motion for summary judgment and after considering all of the matters which have been filed by all of the parties in connection with the application, motions and suggestions, the court finds that it erred in originally overruling the third-party defendant, Greer Hydraulics, Inc.'s, motion to dismiss the third-party plaintiff's first amended petition in its order dated July 11, 1968, and finds that the motion of Greer Hydraulics, Inc., dismissing the third-party plaintiff's first amended petition as to defendant, Greer Hydraulics, Inc., should be sustained.

"NOW, THEREFORE, IT IS HEREBY ORDERED that the order of July 11, 1968, in which 'third-party defendant's motion to dismiss third-party plaintiff's first amended petition' was overruled, is hereby set aside and the court hereby sustains the motion of third-party defendant, Greer Hydraulics, Inc., to dismiss third-party plaintiff's petition and first amended petition as to defendant, Greet [sic] Hydraulics, Inc., for reason that said third-party petition and first

amended petition fail to state a cause of action or claim upon which relief can be granted against third-party defendant.

"The motion of defendant, Greet [sic] Hydraulics, Inc., for summary judgment has become moot as a result of the foregoing above order of this court; however, the court does find that said motion for summary judgment has merit and that the plaintiff in this cause would be estopped upon the record and the principles of res adjudicata from re-asserting or re-litigating the issues which were decided in favor of defendant, Greer Hydraulics, Inc., arising out of this same subject matter in an action in the Superior Court of the State of California for the County of Los Angeles in Cause No. 869158.

"Now, therefore, the third-party defendant, Greer Hydraulics, Inc., is hereby dismissed from this action with its costs taxed against and to be paid by the third-party plaintiff, Edward Livingston & Sons, Inc.

"This order is hereby designated a final judgment dismissing the claim against third-party defendant for failure to state a cause of action against third-party defendant."

Livingston duly appealed to this Court.

██ Ordinarily, the ruling on a motion to dismiss is confined to the face of the petition. Hall v. Smith, Mo., 355 S.W.2d 52, 55 [1]; Pogue v. Smallen, Mo., 285 S.W.2d 915, 916 [1]; Baysinger v. Hanser, 355 Mo. 1042, 199 S.W.2d 644, 645–646 [1]; Section 509.300, RSMo V.A.M.S. In this case, however, since Livingston's third-party petition is one seeking indemnity, it is appropriate for us to consider, and the parties to this appeal in their briefs are in agreement that we should consider, both Feinstein's petition, as plaintiff, and Livingston's third-party petition, to determine whether a cause of action is stated on the part of Livingston. State ex rel. Siegel v. McLaughlin, Mo.App., 315 S.W.2d 499,

502 [1]. We consider only the facts properly pleaded in those petitions, assuming such facts as true, and giving to those facts all reasonable intendments in favor of a sufficient statement of a claim upon which relief can be granted. Hall v. Smith, supra.

██ This Court has repeatedly stated the doctrine that, "It is the general rule, where one person has been exposed to liability and compelled to pay damages on account of the negligence of another, the first has a right of action against the other for indemnity when the parties are not in *pari delicto*. In cases where one party creates the condition which causes injury and the other does not join therein, but is exposed to liability on account of it, the rule that one of two joint tort-feasors cannot maintain an action against the other for indemnity does not apply." Barb v. Farmers Insurance Exchange (1955, Div. 1), Mo., 281 S.W.2d 297, 304 [11]; Kansas City Southern Ry. Co. v. Payway Feed Mills, Inc. (1960, Div. 1), Mo., 338 S.W.2d 1, 5 [1, 2]. See, also, Woods v. Juvenile Shoe Corporation of America (1962, Div. 1), Mo., 361 S.W.2d 694, 697 [4–5]; McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co. (1959, Div. 1), Mo., 323 S.W.2d 788, 794–795 [6]; Crouch v. Tourtelot (1961, Banc), Mo., 350 S.W.2d 799, 805–806 [10]; Busch & Latta Paint Co. v. Woermann Const. Co. (1925, Div. 2), 310 Mo. 419, 276 S.W. 614; Restatement of the Law of Restitution, § 95. And, under the rules laid down in the Woods, Kansas City Southern, McDonnell and Crouch cases, Livingston was not in *pari delicto* with Greer here. Woods v. Juvenile Shoe Corporation of America, supra, 361 S.W.2d l. c. 697. It would serve no useful purpose here to elaborate upon the principles stated, or the analyses made, in those cases. In practically all the case authorities in this state, when there has been a correct assessment of the facts, indemnity has been allowed in every instance where the one seeking indemnity has only a secondary

duty as contrasted with that of the original and primary wrongdoer.

Civil Rule 52.10, V.A.M.R., provides that a defendant, upon motion, may obtain leave, as a third-party plaintiff, to bring into the suit as a third-party defendant, "a person not a party to the action who *is or may be* liable to him for all or part of the plaintiff's claim against him." (Emphasis supplied.)

When considered in the light of the foregoing, it is our conclusion that Feinstein's petition, and Livingston's petition as third-party plaintiff, when given all reasonable intendments, sufficiently state a claim upon which relief *may be* granted Livingston against Greer—that is to say, that Greer *may be* liable to Livingston for indemnity. We, of course, do not know what will be the developments of any trial had of this case, nor what issues will be submitted to a jury at such a trial, but it is conceivable that Feinstein might submit his case against Livingston upon some theory of only secondary liability, in which event, under the authorities hereinbefore discussed, Livingston would be entitled to indemnity from Greer because of the latter's primary and active negligence. In Feinstein's petition it is specifically charged that Livingston "so negligently, carelessly and wrongfully * * * inspected * * * said automatic car washing system * * * and the component parts thereof, as to cause the product to be defective, unsafe and dangerous." These charges, even though they may be deemed imprecisely put, if liberally construed as they must be, are a sufficient charge of passive and secondary negligence in failing to inspect the accumulator. Livingston's third-party petition against Greer for indemnity alleged, not only that Feinstein's petition so charged, but that Livingston did not, and Greer did, manufacture the appliance (accumulator) which caused Feinstein's injury, and alleged further " * * * if it is found that this defendant (Livingston) was negligent only in inspecting or in supplying said car-wash appliance (accumulator), and not neg-ligent in any other respect, such negligence would be only passive while third-party defendant, Greer Hydraulics, Inc., was actively negligent in designing, fabricating, manufacturing and supplying to this defendant (Livingston) the appliance (accumulator) which plaintiff (Feinstein) claims to have caused his injury" (parenthetical portions supplied). The allegations of the two petitions, when taken and considered liberally together, and given all intendments favorable to the statement of a claim for indemnity by one guilty only of passive or secondary negligence for a condition created by the primary and active negligence of another, stated a claim upon which relief could be granted Livingston against Greer. The trial court, accordingly, was in error in sustaining Greer's motion to dismiss Livingston's third-party petition.

Greer, however, urges that the issues on this appeal are not limited to a consideration of the sufficiency of Feinstein's petition and Livingston's third-party petition. As we understand Greer's position, it is that the question of estoppel by judgment may be considered in determining the propriety of the trial court's ruling upon its motion to dismiss. The difficulties with Greer's position are that: Greer's motion to dismiss Livingston's third-party petition is not grounded upon estoppel by judgment; its grounds were only that such petition did not state a claim upon which relief could be granted, and that Feinstein's petition charged Livingston with primary and active negligence and breach of warranty; and it contained no reference whatsoever to Feinstein's California action, or the judgment rendered therein. It was Greer's motion for summary judgment which was grounded in equitable estoppel, but that motion is not before us for consideration because: (1) it may not be treated as a motion to dismiss for failure to state a claim, for the reasons that the two procedures have different attributes, Cooper v. Finke, Mo., 376 S.W.2d 225, 230 [7]; Stoffel v. Mayfair-Lennox Hotels, Inc., Mo.App., 387 S.W.2d 188, 193 [11], and,

also, have different results, Stoffel v. Mayfair-Lennox Hotels, Inc., supra; Civil Rule 55.53, V.A.M.R.; Burke v. City of St. Louis, Mo., 349 S.W.2d 930, 933 [6]; (2) it was not passed upon by the trial court, but, instead, was merely declared by the trial court as being moot; and (3) it was in effect withdrawn by Greer's application (motion) for reconsideration of its motion to dismiss as an alternative to its motion for summary judgment, which application the trial court granted. In passing, however, we point out that it is settled law in Missouri that, " * * * estoppel by judgment must be mutual and bind both parties. If the judgment is not binding on both, it binds neither." Agnew v. Union Construction Company (1956, Div. 2), Mo., 291 S.W.2d 106, 109 [5]; McIntosh v. Wiggins (1945, Div. 1), 354 Mo. 747, 191 S.W.2d 637, 641 [1]; Stewart v. City of Springfield (1942, Banc), 350 Mo. 234, 165 S.W.2d 626, 630 [8]. There is nothing in the certified copies of the partial record in Feinstein's California action which shows, and it is not even claimed here, that Livingston was a party to, and had its day in court in, that California action. Livingston, being a stranger to that action, would not be bound by the judgment therein under the doctrine of res judicata. Agnew v. Union Construction Company, supra, 291 S.W.2d 1. c. 109 [4]. In any event, the authorities primarily relied upon by Greer, namely: Arata v. Monsanto Chemical Company, Mo., 351 S.W.2d 717; Drainage District No. 1 Reformed of Stoddard County v. Matthews, 361 Mo. 286, 234 S.W.2d 567; Brown v. Wabash R. R. Co., 222 Mo.App. 518, 281 S.W. 64; and Henley v. Panhandle Eastern Pipeline Co. (D.C., Mo.), 138 F.Supp. 768, are not in point here, for, in each of them, the party against whom the estoppel by judgment was set up was either a party, or in privity to a party, in the earlier action utilized as the basis for the estoppel. In Presser v. United States (E. Wis.), 218 F.Supp. 108, also relied upon by Greer, there was involved a motion for summary judgment in a case against one alleged joint tort-feasor where the plaintiff previously had satisfied a judgment against the other joint tort-feasor.

Livingston's third-party petition having stated a claim for indemnity upon which relief could be granted Livingston under a theory of active negligence on the part of Greer and passive negligence only upon the part of Livingston, Greer's motion to dismiss should have been denied by the trial court, and we are not called upon here to consider the matter of indemnity for breach of warranty.

The judgment below is reversed and the cause remanded for further proceedings in conformity hereto within such reasonable time as the trial court shall direct.

FINCH, J., concurs in separate concurring opinion filed.

MORGAN, Acting P. J., concurs and concurs in separate concurring opinion of FINCH, J.

DONNELLY, P. J., not sitting.

FINCH, Judge (concurring).

I concur in all of the principal opinion except that portion which discusses by way of dictum the law relating to estoppel by judgment in Missouri. That issue is not decided on this appeal and I would want to reserve it for consideration if and when it is presented on a subsequent appeal.