Hazel O. HOWARD, Plaintiff,

v.

**WILSON CONCRETE COMPANY et al.,
Defendants and Third-Party
Plaintiffs,**

v.

**BELGER CARTAGE SERVICE, INC.,
Third-Party Defendant.**

**Civ. A. No. 20434–2.**

United States District Court,
W. D. Missouri, W. D.

Dec. 11, 1972.

Robert H. Kendrick, Kansas City, Mo., for plaintiff.

Harold VanDyke, Linde, Thomson, VanDyke, Fairchild & Langworthy, Clyde G. Meise, Kansas City, Mo., for defendants.

Joseph W. Amick, Jackson & Sherman, Kansas City, Mo., for third party defendant.

## ORDER GRANTING THIRD PARTY DEFENDANT'S MOTION TO DISMISS

COLLINSON, District Judge.

On April 26, 1971, Charles W. Howard, husband of the plaintiff, was employed by Belger Cartage Service ("Belger"), which, as a subcontractor, was performing certain work at the Crown Center Development Project in Kansas City, Missouri. During the course of the work, Howard was severely injured when he was thrown from an upper story level of a building under construction at the project, and subsequently died from his injuries. Plaintiff claimed and received workmen's compensation from the employer, Belger, and thereafter brought this action for wrongful death on theories of products liability, breach of warranty and breach of contract against Wilson Concrete Company ("Wilson"), Richmond Screw and Anchor Company, Inc. ("Richmond") and Allied Oil and Supply, Inc. ("Allied").

Defendants Wilson and Richmond filed a third party complaint against Belger, contending that the death of plaintiff's husband was caused by the negligence of Belger's employees who devised certain hoisting procedures which were inadequate and unsafe, and by the improper insertion of bolts into the anchors by Belger's employees. The third party plaintiffs contend that Belger's negligence is primary and active, and that their negligence, if any, is passive and secondary.

Belger has now filed a motion to dismiss the third party complaint, contending that the complaint does not state a claim for indemnity, that plaintiff's remedy against the third party defendant is limited solely to a claim for workmen's compensation and that the third party complaint seeks to impose upon Belger liability to the plaintiff and the third party plaintiffs by reason of alleged negligence to plaintiff which is prohibited by Section 287.120, MoRS 1969, V.A.M.S.

Under Rule 14(a), F.R.Civ.P., a defendant may, as a third party plaintiff, "cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." This rule authorizing third party practice is procedural only and does not change or enlarge substantive rights. See, e. g., White v. McKenzie Elec. Co-op., Inc. (D.N.D.), 225 F.Supp. 940 (1964). Rule 14 provides that only a person who is or may be secondarily liable to the original defendant may be brought in as a third party defendant, in cases of indemnity, subrogation, contribution or warranty. 1A Barron & Holtzoff, Federal Practice and Procedure, Ch. 7; 3 Moore, Federal Practice, 2nd Ed., § 1415.

It follows that in order to maintain the third party complaint, Wilson and Richmond must show that the proposed third party defendant is or may be sec-

ondarily liable to them under one of the theories stated above. Third party plaintiffs proceed on an indemnity theory.

■■ Under Missouri law, the general rule is that where one person has been exposed to liability and compelled to pay damages on account of the negligence of another, the first has a right of action against the other for indemnity. Busch & Latta Paint Co. v. Woermann Construction Co., 310 Mo. 419, 276 S.W. 614 (1925); Barb v. Farmers Insurance Exchange (Mo.Sup.), 281 S.W.2d 297 (1955); Feinstein v. Edward Livingston & Sons, Inc. (Mo.Sup.), 457 S.W.2d 789 (1970), and cases cited therein. The right to indemnity is confined to cases where the parties are not in pari delicto. *Feinstein, supra,* at 793; City of Springfield v. Clement, 205 Mo.App. 114, 225 S.W. 120, 122 (1920).

■ It is apparent here that Wilson and Richmond, as third party plaintiffs, were not in pari delicto with Belger. See generally Woods v. Juvenile Shoe Corporation of America (Mo.Sup.), 361 S.W.2d 694 (1962).

On a motion to dismiss the third party complaint, the Court must view the complaint and the third party complaint together, giving all reasonable intendments thereof, to determine if a claim upon which relief *may* be granted is stated; that is, whether Belger *may* be liable to Wilson and Richmond for indemnity. *Feinstein, supra,* 457 S.W.2d at 793. See also generally Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957); Lewis v. Chrysler Motors Corp. (C.A.8), 456 F.2d 605 (1972); Reed v. Board of Education (C.A.8), 460 F.2d 824 (1972).

We note, primarily, that it is not contended that there was any express contract of indemnity given to Wilson and Richmond by Belger, nor is it contended, or appear, that any implied contract of indemnity existed. Compare McDonnell

Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co. (Mo.Sup.), 323 S.W.2d 788 (1959).

■ The third party plaintiffs cannot establish a right to indemnity under Missouri law. First, the third party complaint alleges in substance that the *sole* proximate cause of the death of plaintiff's decedent was the negligence of Belger, his employer, and not the negligence, if any, of Wilson and Richmond. Third party plaintiffs claim that Belger was negligent in that:

(a) its employees devised and implemented the hoisting procedures, and instructed other employees in attaching the concrete slabs to the hoisting device, and such procedures were inadequate and unsafe; and

(b) its employees inserted bolts into the anchors in the slab improperly, using a type of bolt not suitable, nor recommended, for the purpose of lifting the slab.

If Belger was guilty of negligence in any of these respects, it breached no implied duty of care owed to Wilson and Richmond, but only to its employees, for which breach its exclusive liability would be under the Missouri Workmen's Compensation Law. The third party complaint alleges no relationship between the third party plaintiffs and Belger which under Missouri law would make Wilson and Richmond responsible for the negligence of Belger, active or passive. Further, if the contention that the negligence of Belger was the sole proximate cause of the death of plaintiff's husband is true, then Wilson and Richmond have no right to indemnity from Belger, and need none, since under these facts, Wilson and Richmond cannot be liable in any event.

Belger and the third party plaintiffs do not stand in any special relationship with respect to each other. The whole theory of indemnity has been stated in

the Restatement of the Law of Restitution, § 76, p. 331, as follows:

> A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other. . . .

 Here, under the third party plaintiffs' allegations, they owe no duty because, first, they were not negligent, and second, because no circumstances are shown which would make them responsible for the negligence of Belger. The facts, as alleged in the complaints, also make indemnity inapplicable for another reason: the duty to the plaintiff, if any, was not one which "should have been discharged by" Belger. On the contrary, having already paid workmen's compensation to the plaintiff, Belger positively owed no further duty in tort for which it could be liable to either plaintiff or the third party plaintiffs. See Section 287.120, MoRS 1969, V.A. M.S.

■ It appears obvious to the Court that what the third party plaintiffs really seek is to tender the plaintiff a substitute defense. This cannot be done for the reason that having paid compensation for the injury of its employee one time, Belger cannot be liable again in tort to that employee. Further, the tender of a substitute defendant would seem to be prohibited by Rule 14 itself, which prohibits third party complaints where the liability of the third party defendant, if any, runs only to the original plaintiff rather than to the third party plaintiff.

We are not unmindful of the Missouri cases which hold that a third party complaint must be allowed where the allegations, liberally construed, sufficiently charge passive and secondary negligence as opposed to active and primary negligence. See *Feinstein, supra.* However, that is not the case here.

Accordingly, it is

Ordered that the third party defendant's motion to dismiss the third party complaint be, and it is hereby, granted.